# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOELLE BURGESS

### DEFENDANTS
GLAXOSMITHKLINE LLC

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire
Console Mattiacci Law, LLC, 1525 Locust Street, 9th Floor, Philadelphia, PA 19102
(215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation / 440 Other Civil Rights / **Habeas Corpus:** | | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure / 441 Voting / 463 Alien Detainee | | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment / [x] 442 Employment / 510 Motions to Vacate Sentence | | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land / 443 Housing/Accommodations / 530 General | | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability / 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property / 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| / 448 Education / 550 Civil Rights | | 465 Other Immigration Actions | | |
| / / 555 Prison Condition | | | | |
| / / 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq.; 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated against based on age in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** In excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/25/2023
SIGNATURE OF ATTORNEY OF RECORD: */s/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Trappe, PA 19426

Address of Defendant: 1250 S. Collegeville Road, Collegeville, PA 19426

Place of Accident, Incident or Transaction: 1250 S. Collegeville Road, Collegeville, PA 19426

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/25/2023   *Attorney-at-Law / Pro Se Plaintiff*   317235 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kevin Console, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/25/2023   *Attorney-at-Law / Pro Se Plaintiff*   317235 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOELLE BURGESS | : | CIVIL ACTION |
| v. | : | |
| GLAXOSMITHKLINE LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 1/25/2023 | _Attorney-at-law_ | Plaintiff, Joelle Burgess |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 689-4137 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOELLE BURGESS**<br>Trappe, PA 19426<br><br>*Plaintiff,*<br><br>v.<br><br>**GLAXOSMITHKLINE LLC**<br>1250 S. Collegeville Road<br>Collegeville, PA 19426<br>*Defendant.* | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.   INTRODUCTION**

Plaintiff, Joelle Burgess ("Plaintiff"), brings this action against her employer, GlaxoSmithKline LLC ("Defendant"), for discriminating and retaliating against Plaintiff based upon her age, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including back pay, front pay, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief that this Court deems appropriate.

**II.   PARTIES**

1.   Plaintiff is an individual and a citizen of Pennsylvania. Plaintiff resides in Trappe, Pennsylvania.

2.   Plaintiff was born in 1969. Plaintiff is currently fifty-three (53) years of age. Plaintiff was fifty-two (52) years of age when Defendant terminated her employment on January 13, 2022.

1

3. Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

4. Prior to Plaintiff's January 2022 termination, Plaintiff worked primarily at Defendant's corporate office located at 1250 S Collegeville Road, Collegeville, Pennsylvania 19426.

5. At all relevant times, Defendant employed twenty (20) or more employees.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all times material hereto, Defendant acted as an "Employer" within the meaning of the statutes that form the basis of the matter.

8. At all times material hereto, Plaintiff was an "Employee" of Defendant within the meaning of the statutes that form the basis of the matter.

### III.   JURISDICTION AND VENUE

9. The causes of action that form the basis of the matter arise under the ADEA and the PHRA.

10. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

11. The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

12. Venue is proper in this District Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

13. On or about March 14, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein (the "Complaint of Discrimination"). Attached hereto, incorporated herein, and marked as Exhibit 1 is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

14. On November 16, 2022, the EEOC issued Plaintiff a Notice of Right to Sue regarding her Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit 2 is a true and correct copy of the notice (with personal identifying information redacted).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

16. Plaintiff was hired by Defendant in July 1990[1] and as of her termination had more than thirty-one (31) years of service with the company.

17. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

18. Plaintiff last held the position of Investigator, Medicinal Chemistry, Grade 7.

19. Plaintiff last reported to Steven Knight (57[2]), Scientific Team Director, Grade 5. Knight reported to Andy Peat (52), Section Director, Grade 4. Peat reported to Paul Coleman (50), Head of Medicinal Chemistry.

---

[1] All dates contained herein are approximations.
[2] All ages herein are approximations.

3

20. In January 2020, Plaintiff began indirectly reporting to Coleman, when he was hired as Head of Medical Chemistry.

21. In or about January 2020, Defendant hired Sophia Robinson (30), Investigator, Medicinal Chemistry, Grade 7.

22. In or about January 2020, Defendant hired Martin Rauch (30), Investigator, Medicinal Chemistry, Grade 7.

23. On or about May 1, 2021, Plaintiff began reporting to Knight.

24. In or about June 2021, Defendant hired Xavier Riart-Ferrer (30), Investigator, Medicinal Chemistry, Grade 7.

25. In or about July 2021, Defendant hired Amberly Sanford (30), Investigator, Medicinal Chemistry, Grade 7.

26. In or about August 2021, Defendant hired Hannah Shenouda (28), Investigator, Medicinal Chemistry, Grade 7.

27. In or about September 2021, Defendant hired Tessa Lynch-Colanneta (30), Investigator, Medicinal Chemistry, Grade 7.

28. On October 20, 2021, in a meeting entitled "Transforming Medicinal Chemistry," attended by Human Resources and Global Medicinal Chemistry employees, Defendant announced that thirteen (13) Investigator, Medical Chemistry, Grade 7 employees would be terminated.

29. Defendant had hired six (6) Investigator, Medical Chemistry, Grade 7 employees within less than the last two (2) years.

30. On October 26, 2021, in a meeting attended by Human Resources and Global Medicinal Chemistry employees, Defendant stated that Global Medicinal Chemistry employees

would be evaluated to determine which employees would retain their positions and remain employed with Defendant and which employees would be terminated.

31.     On or about November 3, 2021, in a meeting with Peat, Plaintiff asked, and stated that she did not understand, why Defendant was terminating thirteen (13) Investigator, Medical Chemistry, Grade 7 employees when Defendant had hired six (6) Investigator, Medical Chemistry, Grade 7 employees within the last two (2) years, all of whom were approximately thirty (30) years old.  Plaintiff complained that Defendant's reduction in force appeared to her and others in the department that Coleman, on behalf of Defendant, was pushing out the experienced Investigator, Medical Chemistry, Grade 7 employees that were age fifty (50) and older after hiring younger Investigator, Medical Chemistry, Grade 7 employees.  Peat agreed that it appeared that Coleman was pushing to terminate older employees.  Peat stated that the department's reorganization was not for budgetary reasons or because consumer products was demerging from Defendant in 2022, as no other department was undergoing a reduction in force.

32.     On or about November 8, 2021, in a meeting with Beth Knapp-Reed (46), Scientific Director, Plaintiff asked, and stated that she did not understand, why Defendant was terminating thirteen (13) Investigator, Medical Chemistry, Grade 7 employees when Defendant had hired six (6) Investigator, Medical Chemistry, Grade 7 employees within the last two (2) years, all of whom were approximately thirty (30) years old. Plaintiff complained that Defendant's reduction in force appeared to her and others in the department that Coleman, on behalf of Defendant, was pushing out the experienced Investigator, Medical Chemistry, Grade 7 employees that were age fifty (50) and older after hiring younger Investigator, Medical Chemistry, Grade 7 employees. Plaintiff stated that she did not understand why she had to be reevaluated to retain her position and remain employed with Defendant.  Knapp-Reed responded that she did not know what Coleman's reasons

were for the reduction in force and reevaluation process, and that Coleman and Human Resources should answer these questions.

33.     On December 1, 2021, in a meeting with Knight, Plaintiff stated that she wanted to remain employed with Defendant for many more years.

34.     Plaintiff was told that, as part of the confidential reevaluation process, to determine which employees in the department would be retained and which would be terminated, Knight and Knapp-Reed would present Plaintiff to the decision-making panel.

35.     On January 13, 2022, in a virtual meeting with Peat, Defendant notified Plaintiff that her employment would be terminated, effective March 5, 2022. Plaintiff was provided no explanation for her termination. Plaintiff was only told that she would not be retained as an employee.

36.     On January 13, 2022, following the above, in an email from Peat, Defendant notified Plaintiff that her employment would be terminated, effective March 5, 2022. The email did not provide any explanation for Plaintiff's termination.

37.     On January 13, 2022, Defendant terminated Knight (57), effective March 5, 2022.

38.     On January 13, 2022, Defendant terminated Peat (52), effective March 5, 2022.

39.     On January 28, 2022, in a meeting with Bryan King (50), Scientific Director, Plaintiff stated that she did not understand why she was terminated, and that she was disappointed that Coleman, on behalf of Defendant, terminated so many employees over age fifty (50). King did not deny that age was a factor in the termination process, and acknowledged that all of the six (6), young, newly-hired Investigator, Medicinal Chemistry, Grade 7 employees had retained their jobs.

40. On January 28, 2022, following the above, in a meeting with Knight, Plaintiff asked what her "score" was in the process that Defendant allegedly used to reevaluate and terminate employees. Knight refused to tell Plaintiff her score, and stated that Defendant would not allow him to disclose this information. Plaintiff stated that it appeared that Coleman terminated employees over age fifty (50) and retained the younger, newly hired employees. Knight agreed.

41. Defendant terminated Plaintiff's employment because of her age and/or her age discrimination complaints.

42. Defendant offered no explanation, including the selection criteria, as to why Plaintiff, in particular, was terminated while younger, less-experienced and/or less-qualified employees were retained.

43. Defendant assigned Plaintiff's job duties to substantially-younger employees. Plaintiff was more qualified to perform her job duties than the substantially-younger employees to whom her job duties were assigned.

44. Plaintiff received positive performance reviews throughout her more than thirty-one (31) years of service with Defendant.

45. Plaintiff had no disciplinary or performance issues throughout her more than thirty-one (31) years of service with Defendant.

46. Defendant did not offer Plaintiff a downgraded position or a position with reduced pay in lieu of termination.

47. According to the OWBPA list, in addition to Plaintiff, the following employees holding an Investigator, Grade 7 position were terminated when Plaintiff was terminated.

   1. Israel Pendrak (65);
   2. Dominic Suarez (60);

3. Hong Nie (57);

4. Hongxing Yan (54);

5. Huijie Li (52);

6. Jenny Zhang (51);

7. Brent McCleland (50); and

8. Mike Squire (43).

48.     All Investigator, Grade 7 employees, except for one (1), who were terminated when Plaintiff was terminated, were age fifty (50) or older.

49.     According to the OWBPA list, the following substantially younger employees holding an Investigator, Grade 7 position were retained when Plaintiff was terminated. Plaintiff was more qualified for these employees' positions.

1. _____ (29);

2. _____ (31);

3. _____ (33);

4. _____ (33);

5. _____ (33);

6. _____ (35);

7. _____ (35);

8. _____ (36);

9. _____ (36);

10. _____ (38);

11. _____ (39);

12. _____ (40);

       13. _____ (41);

       14. _____ (42);

       15. _____ (42);

       16. _____ (42);

       17. _____ (43);

       18. _____ (43);

       19. _____ (44); and

       20. _____ (44).

50. All Investigator, Grade 7 employees under age forty (40) were retained when Plaintiff was terminated.

51. According to the OWBPA list, the following employees holding an Investigator, Medicinal Chemistry, Grade 7 position were retained when Plaintiff was terminated. Plaintiff was more qualified for these employees' positions.

       1. Hannah Shenouda (28);

       2. _____ (28);

       3. _____ (30);

       4. _____ (30);

       5. _____ (30);

       6. _____ (31); and

       7. James Phalen (33).

52. Defendant retained at least twenty-seven (27) less-qualified, substantially-younger employees in positions for which Plaintiff was more qualified.

53. At Defendant, employees are eligible for retirement benefits, including subsidized health insurance, when they have an age plus years of service combination of seventy-five (75) or are age fifty-five (55) with ten (10) years of service.

54. Employees commented that Plaintiff was eligible for retirement benefits at Defendant.

55. Defendant has a Future Leaders graduate program, and provides development, training, and leadership opportunities to young employees.

56. Defendant does not provide the same or similar opportunities, development and training to older employees.

57. The Future Leaders graduate program intentionally discriminates against employees over age forty (40) and disparately impacts employees over age forty (40).

58. Defendant targets and provides financial incentives to older employees to leave the workforce.

59. Defendant does not target or provide financial incentives to younger employees to leave the workforce.

60. Defendant's conduct evidences a bias against older employees and a preference for younger employees.

61. Defendant's conduct evidences a bias against employees who engage in protected activity.

62. Defendant's age discriminatory and retaliatory conduct has caused Plaintiff emotional distress.

63. Defendant's retaliatory conduct would dissuade a reasonable employee from complaining of discrimination.

## COUNT I
## (VIOLATION OF THE ADEA)

64. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

65. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADEA.

66. Defendant's violation of the ADEA was intentional and willful under the circumstances, warranting the imposition of liquidated damages.

67. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF THE PHRA)

70. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

71. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

72. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

73. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

74. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    a. declaring the acts and practices complained of herein to be a violation of the ADEA and PHRA;

    b. enjoining and restraining permanently the violations alleged herein;

    c. awarding Plaintiff damages for back pay, front pay, and pre- and post-judgment interest;

    d. awarding compensatory damages to Plaintiff for past and future emotional distress and pain and suffering;

    e. awarding liquidated damages under the ADEA;

    f. awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

    g. awarding Plaintiff such other damages as are appropriate under the ADEA and PHRA; and

    h. granting such other and further relief as this Court deems appropriate.

                                            Respectfully submitted,

                                            **CONSOLE MATTIACCI LAW, LLC**

                                By:    */s/ Kevin Console*
                                            KEVIN CONSOLE, ESQ.
                                            EVELYN KALLENBACH, ESQ.
                                            1525 Locust Street
                                            Philadelphia, PA 19102
                                            kevinconsole@consolelaw.com (email)
                                            kallenbach@consolelaw.com (email)
Dated: January 25, 2023                  (215) 545-7676 (tel.)

                                            *Attorneys for Plaintiff*